■ THOMAS WESTHOFF, Appellant, v BEAR STEARNS & CO., INC., Respondent.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 11, 1991, which denied petitioner's motion to quash a subpoena duces tecum issued by respondent to Paine Webber, Inc., unanimously affirmed, with costs.

Petitioner was employed by respondent as a commodities trader for the period October 1988 through January 1990 and commenced this arbitration proceeding to recover monies he claims he is owed pursuant to his employment agreement. Respondent maintains, *inter alia,* that petitioner had violated company policy by engaging in trading between petitioner's personal and his company account.

During his prior employment with Paine Webber, Inc. petitioner traded commodities relating to petroleum products. When petitioner commenced work at respondent, he attempted to transfer open commodity positions from an account in the name of Petroleum Fund maintained at Paine Webber to his personal account at respondent. Based on this information, respondent issued a subpoena to Paine Webber seeking documents related to petitioner's accounts. While petitioner claimed that the subpoena sought information totally irrelevant to the arbitration proceeding, he only sought to have the subpoena modified so that it would cover only the period when petitioner was employed by respondent. Respondent would not agree to such a modification and petitioner then moved to quash the subpoena. The IAS court denied the motion to quash but limited the time period covered by the subpoena from August 1988 (two months before petitioner's employment with respondent began) through January 1990.

While petitioner claims that the subject of the subpoena is completely irrelevant to the proceeding, we disagree. The material requested in the subpoena will, at the very least, aid respondent in its defense of the arbitration proceeding. Indeed, the information obtained through the subpoena may

demonstrate a pattern of misconduct by petitioner. Certainly, under the instant circumstances, this information would not be " 'utterly irrelevant' " *(Ayubo v Eastman Kodak Co.,* 158 AD2d 641, 642) to the arbitration proceeding. *(See, e.g., Matter of Brandon,* 55 NY2d 206.)* Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.