■ In the Matter of ALAN DAUER et al., Respondents, v PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Defendants. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Nonparty Appellant. [655 NYS2d 26] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered October 25, 1996, which denied the motion of nonparty appellant insurance company to quash a subpoena duces tecum caused to be issued by plaintiffs, unanimously modified, on the law, the facts and in the exercise of discretion, to limit the requested documents to the ten-year period preceding the sale of the insurance policies at issue in the California action, and to permit appellant to seek further protection, including in camera inspection, for any material it claims to be privileged as attorney-client communications or attorney work product, and otherwise affirmed, without costs.

The individual defendant's personnel files at appellant, his former employer, including customer complaints and regulatory actions against him, are not "irrelevant" to the underlying California action brought by plaintiffs, who bought a policy from the individual defendant while he was employed at defendant insurer. Such information could establish a pattern of deceptive practices and an intent to deceive on the individual defendant's part, and a prior awareness of such practices on defendant insurer's part (see, Westhoff v Bear Stearns & Co., 180 AD2d 543, 544, citing Ayubo v Eastman Kodak Co., 158 AD2d 641). We modify as above indicated in order to give reasonable limitation to employment records that date back to 1977, and to protect attorney-client confidences and attorney work product that might have been generated as a result of regulatory and other legal matters involving the individual defendant (cf., Rossi v Blue Cross & Blue Shield, 73 NY2d 588, 592). Concur—Ellerin, J. P., Wallach, Williams and Mazzarelli, JJ.