In the Matter of MAISON & Co., Appellant, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Respondent.

First Department, December 9, 1975

*Robert A. Goldschlag* of counsel *(Jack S. Hoffinger* with him on the brief; *Hoffinger, Friedland & Roth,* attorneys), for appellant.

*T. James Bryan* of counsel *(Charles J. Hynes, Deputy Attorney-General),* for respondent.

STEVENS, P. J. Petitioner-appellant appeals from an order entered August 19, 1975 in the Supreme Court, New York County (LANG, J.), which denied its motion to quash a Grand Jury subpoena duces tecum issued by respondent and served upon the Community National Bank and Trust Company of New York requiring production of all records pertaining to appellant's bank account for the period from February 1, 1974 through May 30, 1974.

This matter involves an aspect of respondent's investigation of nursing homes within this State. Appellant asserts that it is a New York partnership engaged in the business of buying and selling condominiums in Florida. It contends that respondent has failed to show that the subpoena for its bank records is relevant to his investigation and has failed to show as well that the subpoena is not overbroad.

Respondent's inquiry into appellant's bank records stems from a check issued by F.E.A.L. Design and Equipment, Ltd.

(F.E.A.L.), a company which deals solely with nursing homes. The check was issued to one Abraham Heller as payee. According to the records of F.E.A.L., the check was payment for services rendered by Heller to the Pelham Parkway Nursing Home. However, when interviewed by respondent, Heller stated that he did not perform any design services for the nursing home. The check bore the indorsements of Heller and appellant and was deposited in appellant's bank account.

The bank has not objected to the subpoena, nor has it appeared in this proceeding. This court by order entered September 23, 1975, denied appellant's motion for a stay pending appeal. Thereafter, the bank supplied the subpoenaed records and respondent moved to dismiss the appeal as moot, which motion was denied by order entered October 16, 1975.

Respondent asks us to consider the recent decision of the Supreme Court in *California Bankers Assn. v Shultz* (416 US 21) and urges that appellant has no standing to challenge the subpoena since the records sought are not the private records of appellant, nor are such records confidential. However, the Supreme Court in that case merely upheld the constitutionality of the Bank Secrecy Act of 1970 and its domestic reporting requirements and did not reach the issue of a depositor's standing, stating (pp 51–52): "Claims of depositors against the compulsion by lawful process of bank records involving the depositors' own transactions must · wait until such process issues." (See, also, opn of BIRNS, J. in *Matter of Shapiro v Chase Manhattan Bank,* 84 Misc 2d 938, where bank customer was found to have standing to contest validity of subpoena served upon bank.) Appellant argues that respondent's claim of appellant's lack of standing to challenge the subpoena was never raised by respondent in the court below, and therefore has been waived. Respondent's affirmation below bears this out and no special circumstances are shown to warrant a contrary ruling. *(People v Fino,* 24 NY2d 1020.)

The issue to be resolved is whether the subpoena served is relevant to respondent's investigation and whether it is overbroad.

It is clear that the nursing home issued a check to a payee who disclaims rendering any services to such home. The circumstances of appellant's indorsement of such check, when the claimed nature of its business is so foreign to that of a nursing home, permit and even warrant further inquiry. The information sought appears to be both relevant and proper.

(See *Matter of Spector v Allen,* 281 NY 251.) A Grand Jury has a wide investigatory range and may investigate merely on suspicion *(United States v Bisceglia,* 420 US 141, 148; *Blair v United States,* 250 US 273, 282). Nothing is shown to indicate bad faith on the part of respondent, nor is anything presented which serves to overcome the presumption of validity which attaches to a Grand Jury subpoena *(Matter of Manning v Valente,* 272 App Div 358, 361, affd 297 NY 681).

It is not necessary that incontrovertible evidence of a crime be shown in order to establish the validity of a Grand Jury subpoena. Unless it appears that the information and the records requested are so totally unrelated to the subject inquiry that their production could in nowise aid the Grand Jury's investigation, the subpoena should not be quashed in advance.

The four-month period covered by the subpoena is not unreasonably long, nor will the production of the records demanded disrupt unduly, if at all, the business of the bank. The subpoena is not overbroad, nor does compliance therewith involve an unconstitutional intrusion into appellant's right of privacy.

The order entered August 19, 1975, in the Supreme Court, New York County (LANG, J.), which denied petitioner-appellant's motion to quash a Grand Jury subpoena addressed to appellant's bank for the bank's records of appellant for a four-month period, should be affirmed without costs.

MARKEWICH, KUPFERMAN, CAPOZZOLI and LYNCH, JJ., concur.

Order, Supreme Court, New York County entered on August 11, 1975, unanimously affirmed, without costs and without disbursements.