Aloysius J. Melia, J.
This is an application by the respondent Special Prosecutor to review an order of this court dated January 9, 1976, in the light of additional new facts. That order denied a motion to quash a Grand Jury subpoena directed to petitioner’s bank but granted a modification of the subpoena to the extent of limiting its application to transactions with nursing homes and related businesses and individuals. (See 84 Misc 2d 938.)
In his affidavit in opposition to the initial motion, the respondent alleged only four facts to support the relevancy and breadth of the subpoena.
(1.) In 1972 Usher Shapiro was employed as assistant administrator of the Towers Nursing Home.
(2.) In 1973 Usher Shapiro was no longer employed by the Towers Nursing Home and began doing business under the name of U. S. Construction and Remodeling Co.
(3.) In 1973 and 1974 the Park Crescent Nursing Home paid U. S. Construction and Remodeling Co. in excess of $150,000 for work allegedly performed at the nursing home.
(4.) In 1974 the Towers Nursing Home paid U. S. Construction and Remodeling Co. in excess of $50,000 for work allegedly performed at the nursing home.
These allegations, in the opinion of the court, did not justify a subpoena of all the bank records of U. S. Construction and *60 Remodeling Co. The amounts charged were not alleged to be excessive, nor was any relationship alleged between Usher Shapiro and the management or ownership of the Park Crescent Home.
Now, in a renewal motion (see CPLR 2221 and the Practice Commentary, McKinney’s Cons Laws of NY, Book 7B) the Special Prosecutor has submitted new and additional facts in an attempt to justify restoring the original scope of the subpoena. The new facts alleged are that Bernard Bergman owns the Park Crescent Nursing Home and controls the ownership of the Towers Nursing Home; that his wife and son-in-law owned the Rego Park Nursing Home in 1973, and that Usher Shapiro, Bernard Bergman’s first cousin, allegedly did repair work for all three of these homes under circumstances which led the Grand Jury to suspect that the transactions were not legitimate.
In light of the relationship that these new allegations reveal between a nursing home owner and supplier, the court finds that a sufficient nexus has been established between the subject matter of the investigation and the bank records of the U. S. Construction and Remodeling Co. to justify sustaining the subpoena in its unmodified form (Matter of Maison & Co. v Hynes, 50 AD2d 13; Matter of Tennenbaum v Hynes [Sup Ct, New York County, Dec. 17, 1975, Birns, J.]). Moreover, it would appear from the new facts alleged that continuing the modification in effect would seriously hamper the Grand Jury’s investigation, and on that ground alone the restriction on the subpoena should be removed (Matter of L & S Hosp. & Inst. Supplies Co. v Hynes, 51 AD2d 515).
The motion to rehear is granted and upon rehearing the original order is modified to the extent of deleting all those paragraphs providing for a modification of the subpoena as originally issued.