■ CUNNINGHAM AND KAMING, P. C., et al., Appellants, v MAURICE H. NADJARI, as Deputy Attorney-General of the State of New York, Respon-

dent.—Order, Supreme Court, New York County, entered May 17, 1976, denying motion to quash subpoenas duces tecum, unanimously modified, on the law and in the exercise of discretion, as hereinafter set forth, and otherwise affirmed, without costs and without disbursements. One of the subpoenas calls for production by a bank of the records of the plaintiff professional corporation of which the individuals are principals. Appellants have no standing to object to this subpoena, as we have said in *Matter of Democratic Committee v Nadjari,* 52 AD2d 70, citing *United States v Miller,* 425 US 435), and it is sustained. The other subpoena, which calls for records as listed therein of the law firm for four years, presents other problems, not simple of solution. The sole question before us is whether the subpoena must be honored. And there is nothing before us which sheds any light on the little more than a hint that improper surveillance was employed as a basis for the subpoenas. A subpoena calling for production of records of a law firm does pose a threat to confidentiality of the lawyer-client relationship, but we cannot conceive of a better way to avoid such a breach than the expedient adopted by the Justice at Extraordinary Term of first reviewing the subject records *in camera* for the specific purpose of obviating this danger. However, viewed without further information bearing upon relevance to a legitimate inquiry, the subpoena addressed to the law firm's records is overbroad in scope, and may not be sustained in the form in which it is written. (See *Matter of Shapiro v Chase Manhattan Bank, N. A.,* 84 Misc 2d 938.) It would be no better than a license to ransack plaintiff's files, inclusive of the firm's entire clientele. The safeguard provided in the order of denial is not as to relevance, such as for instance, that shown in *Matter of Maison & Co. v Hynes* (50 AD2d 13). (See *Federal Trade Comm. v American Tobacco Co.,* 264 US 298.) A requirement that there be a showing of relevance does not present an insuperable barrier. This case is not at the trial stage and what may be required during the Grand Jury phase of these proceedings is not to be weighed as it would be at a trial. "Investigation will be paralyzed if arguments as to materiality or relevance, however appropriate at the hearing, are to be transferred upon a doubtful showing to the stage of a preliminary contest as to the obligation of the writ." *(Matter of Edge Ho Holding Corp.,* 256 NY 374, 381–382 [Cardozo, Ch. J.) And so relevance may be demonstrated here to the same extent that it was shown in *Matter of Maison & Co. v Hynes (supra).* A sufficient showing of relevance as to at least one topic of inquiry has been made in the affidavit of Joseph Phillips, sworn to April 14, 1976, and submitted *in camera* both here and at the Extraordinary Term, and referred to in the opinion there. Parenthetically, it is observed that no American court looks kindly on the receipt of evidence which has been kept from one party to litigation; the words "Star Chamber" come to mind at once. But we are, as Chief Judge Cardozo observed, at the investigative stage, where certain aspects of the evidence, e.g., names of witnesses, places of meeting, etc., must be kept secret. Nor are the contents of the Phillips affidavit entirely secret. The court has secured a copy of the Indictment No. S.P.O. B-37/76, in which these plaintiffs are named as defendants and, except as noted in the preceding sentence, the subject matter is identical. Both affidavit and indictment read together provide a predicate for a finding of relevance sufficient to indicate that, so far as it relates to the area described in that indictment, the subpoena is demonstrably reasonable. We rule accordingly that, to the extent that it relates to the area described in Indictment No. S.P.O. B-37/76, and subject to the court's inspection to insure against violation of attorney-client confidentiality, the subpoena will be sustained, and that otherwise the motion to quash

addressed to plaintiffs' firm's records should be granted. This, of course, is not to rule on any possible future subpoenas, each of which is to be examined on its own merits. Settle order forthwith. Concur—Markewich, J. P., Silverman, Capozzoli, Nunez and Yesawich, JJ.