■ EXCEPTIONAL OPTICALS, INC., Appellant, v OPTIMUS, INC., et al., Respondents. — Order, Supreme Court, New York County (Fraiman, J.), entered October 10, 1980, granting defendants' motion for summary judgment, is modified, on the law, to the extent of reversing so much of the order as grants defendants' motion for summary judgment, and denying said motion without prejudice to renewal after reasonable opportunity for disclosure proceedings by plaintiff, and the order is otherwise affirmed, without costs. A substantial part of plaintiff's claim is conclusively refuted by the documentary evidence — specifically the whole "John Doe" conspiracy whereby the consideration for the alleged fraudulent conveyance is claimed not to have been paid to the corporate seller Forum. The rest of plaintiff's claim is at best not supported by the evidence in the record. Accordingly, plaintiff's motion for summary judgment was properly denied. While defendants make a persuasive showing, the record submitted does not warrant granting summary judgment to defendants at this stage. On certain issues defendants' factual contentions are supported only by statements by attorneys who are not shown to have personal knowledge of the facts (or sometimes by nothing in the record), e.g., that the buyer Optimus was

not related to the seller Forum or to the seller's stockholder Goldman; that the sale was at arm's length; that the consideration was fair; that Forum was not insolvent; and that there was no actual intent to hinder, delay or defraud creditors. As many of these facts are largely within the exclusive knowledge of defendants, plaintiff should have a reasonable opportunity to conduct disclosure proceedings before being foreclosed by summary judgment. We may add that as to the claim that the proceeds of the sale, after receipt by Forum, were improperly dissipated, or perhaps paid to defendant Goldman by Forum, plaintiff as a judgment creditor of Forum is surely entitled to ascertain what happened to the assets of Forum. But the proper place for such discovery should be in enforcement proceedings under CPLR 5221, 5223, etc. It is extremely doubtful whether that claim is properly raised by the present pleadings in this action to set aside a particular sale to defendant Optimus as a fraudulent conveyance. Concur — Sullivan, J.P., Carro and Silverman, JJ.; Markewich, J., dissents and would affirm for the reasons stated by Fraiman, J., at Special Term.