■ HOWARD STERN, Appellant, v CARLIN COMMUNICATIONS, INC., et al., Defendants. BRUCE CHEW, Respondent. [620 NYS2d 344] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about May 3, 1994, which, in enforcement proceedings pursuant to CPLR article 52, granted defendants' motion to quash subpoena duces tecum served on respondent Chew, unanimously affirmed, without costs.

The IAS Court did not abuse its discretion to control and regulate enforcement procedures under CPLR article 52 *(see, Guardian Loan Co. v Early,* 47 NY2d 515, 519), in quashing the subject subpoena, relegating plaintiff instead to the pre-

trial disclosure devices available to him in a related pending action to set aside fraudulent conveyances. The subpoena went beyond its proper role of seeking information concerning defendant corporations' assets by demanding "[a]ll cancelled checks and other checking account records" of certain non-party corporations, claimed to be closely related to defendants, regardless of whether such checks and records involved defendants' assets or wholly unrelated funds. While disclosure in post-judgment enforcement proceedings may be favored over pretrial disclosure in a fraudulent conveyance action where the enforcement proceedings involve assets not put in issue in the fraudulent conveyance action *(see, Exceptional Opts. v Optimus, Inc.,* 84 AD2d 515, 516), here, the opposite is the case, the action putting in issue all of the assets controlled by all of the corporations controlled by the individual said to be their alter ego, such that there is nothing in issue in the enforcement proceedings that is not also in issue in the plenary action. Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.