■ MICHAEL J. PERRUCCI, Individually and on Behalf of MUDGE ROSE GUTHRIE ALEXANDER & FERDON, Appellant, v CIGNA INSURANCE COMPANY, Respondent. [681 NYS2d 250] —Order, Supreme Court, New York County (Herman Cahn, J.), entered September 8, 1997, which granted defendants' motion to dismiss plaintiff's complaint for failure to state a cause of action, unanimously affirmed, without costs.

A client has the right "to terminate the attorney-client relationship *at any time with or without cause*" (*Matter of Cooperman*, 83 NY2d 465, 472; *see also, Demov, Morris, Levin & Shein v Glantz*, 53 NY2d 553, 556). Plaintiff, who does not claim to fall within the two limited exceptions to the rule (*see, Atkins & O'Brien v ISS International Serv. Sys.*, 252 AD2d 446, 448) may not circumvent the general rule by recasting his cause of action as a prima facie tort (*see, Ullman v Norma Kamali, Inc.*, 207 AD2d 691, 692; *Fisher v Maxwell Communications Corp.*, 205 AD2d 356, 357). Plaintiff failed to preserve his current claim that leave to replead should have been granted, which in

any case would have been inappropriate (*see, Ceres v Shearson Lehman Bros.*, 227 AD2d 222). Concur—Sullivan, J. P., Rosenberger, Wallach and Mazzarelli, JJ.