■ JEROLD S. SLATE, Respondent, v STATE OF NEW YORK, Appellant. [701 NYS2d 729] —Mugglin, J. Appeal from that part

of an order of the Court of Claims (Collins, J.), entered October 23, 1998, which denied the State's motion to compel discovery and granted claimant's cross motion for an order of protection.

Pursuant to a discovery order issued by the Court of Claims, claimant delivered to the court for in camera inspection certain materials sought to be discovered by the State. The Court of Claims prohibited discovery of the majority of the material submitted based upon application of the attorney-work-product rule and the attorney-client privilege. The State appeals, in essence contending that where it is responsible for the payment of counsel fees incurred in connection with the representation of a State employee under Public Officers Law § 17, the attorney-client privilege and attorney-work-product rule should not bar discovery of the requested materials in litigation involving the payment of those counsel fees. This contention is premised upon three arguments. The first is that the State is a de facto insurer of the State employee, so claimant represents not only the State employee but also the State, and communications from an attorney who represents more than one party are not privileged as between those parties, making the materials sought discoverable. The second argument arises from the claim that the State is not a litigation adversary to which the discovery rules would apply since there exists a dual agency relationship under these circumstances. The third argument is that since the State employee allowed claimant to submit bills for payment for legal services, he has impliedly waived the privilege.

Since we find these arguments lacking in merit, we affirm. The fact that the State is obligated to pay the counsel fees for services rendered to the State employee does not trigger an attorney-client relationship between claimant and the State (*see, Matter of Priest v Hennessy*, 51 NY2d 62, 69-70). Moreover, the conflict of interest between the State and the State employee, giving rise to the necessity for retaining a separate attorney, precludes the formation of any attorney-client relationship between the retained attorney and the State, negating any dual agency relationship.

In addition, the fact that Public Officers Law § 17 (4) (ii) requires the State employee to give "full cooperation" in the defense of the action does not, by implication, waive the employee's attorney-client privilege with his private counsel. The attorney is bound to maintain the confidences unless the client consents after full disclosure (*see*, Code of Professional Responsibility, DR 4-101 [b] [3] [22 NYCRR 1200.19]). While it is true that the State is not a "litigation adversary" in the

ordinary sense, its interests were clearly adverse to those of the State employee and the State cannot be considered a client of Slate.

Moreover, the fact that the underlying litigation has been terminated by settlement does not suspend the application of the attorney-client privilege nor the attorney-work-product rule. It is well established that the termination of litigation does not bring an end to the protections afforded by the attorney-client privilege since the attorney has a continuing duty "to preserve the confidences of former clients" (*Krouner v Koplovitz*, 175 AD2d 531, 532; *see, Matter of Fleet v Pulsar Constr. Corp.*, 143 AD2d 187, 189). Similarly, an attorney's work product is privileged both in the context of the litigation for which it was prepared and in that of any subsequent legal proceedings (*see, Corcoran v Peat, Marwick, Mitchell & Co.*, 151 AD2d 443, 445).

As a final matter, claimant's contention that the Court of Claims improperly allowed discovery of various time records on public policy grounds is an issue not preserved for review on this appeal as claimant did not file a notice of appeal.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.