■ DAVID M. WISE, Respondent-Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant-Respondent. [723 NYS2d 462] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about August 7, 2000, which, upon renewal, granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 to the extent of dismissing plaintiff's cause of action for abuse of process, but otherwise denied the motion, denied defendant's motion to permanently seal the record, and denied plaintiff's request to permit him to use confidential information in discovery and at trial, unanimously modified, on the law, the facts and in the exercise of discretion, to grant the motions of defendant in their entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in defendant's favor dismissing the complaint.

Renewal, sought by defendant in accordance with the motion court's instructions, was properly granted. Upon renewal, however, defendant's motion to dismiss the complaint should have been granted in its entirety, since permitting the action to go forward would entail the improper disclosure by plaintiff, an attorney who was in-house counsel to defendant prior to his termination, of client confidences, including specific corporate tax strategies (*see*, Code of Professional Responsibility DR 4-101 [22 NYCRR 1200.19]; *Slate v State of New York*, 268 AD2d 857, 859). The ethical obligation to maintain the "confidences" and "secrets" of clients and former clients is broader than the attorney-client privilege, and exists " 'without regard to the nature or source of information or the fact that others share the knowledge' " (*Brennan's, Inc. v Brennan's Rest.*, 590 F2d 168, 172, quoting ABA Code of Professional Responsibility EC 4-4 [1970]; *accord, Thomson U. S. v Gosnell*, 181 AD2d 558, *lv dismissed* 80 NY2d 893). The fact that defendant mailed to plaintiff, after his termination, certain docu-

ments on which he had worked as an attorney, did not constitute a knowing waiver of confidentiality (see, Code of Professional Responsibility DR 4-101 [c] [1] [22 NYCRR 1200.19 (c) (1)]), particularly since defendant had previously warned plaintiff that the commencement of a legal action would violate his ethical duty to preserve those confidences. Plaintiff's affirmative claims against defendant for damages, grounded in the theory of wrongful discharge, do not fall within the exception permitting an attorney to disclose confidences or secrets necessary to defend "against an accusation of wrongful conduct" (see, Code of Professional Responsibility DR 4-101 [c] [4] [22 NYCRR 1200.19 (c) (4)]; Eckhaus v Alfa-Laval, Inc., 764 F Supp 34, 37-38), and plaintiff cannot circumvent the rule prohibiting such claims by reframing his claims as other related torts (see, Perrucci v CIGNA Ins. Co., 256 AD2d 87, lv denied 93 NY2d 803; see also, Fowler v Parks, 248 AD2d 210, lv denied 92 NY2d 802). Since this action involves client confidences, defendant's motion permanently to seal the record should have been granted.

Plaintiff's claim for abuse of process, denominated "abuse of power," for procuring two confidentiality stipulations was properly dismissed, since voluntary agreements do not constitute "process" within the meaning of the tort, and plaintiff failed to allege any specific, quantifiable damages (see, Walentas v Johnes, 257 AD2d 352, 354, lv dismissed 93 NY2d 958). Concur—Williams, J. P., Wallach, Lerner, Rubin and Friedman, JJ.