█ Ashley Kozel, Respondent, v Todd Kozel, Defendant. Ira S. Kaufman, Nonparty Appellant. [44 NYS3d 20]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered February 24, 2016, which, to the extent appealed from, denied nonparty Ira S. Kaufman's motion to quash a subpoena

and for a protective order against further discovery requests, unanimously affirmed, withhout costs.

As Kaufman failed to establish conclusively that he lacks information to assist plaintiff, the judgment creditor, in obtaining satisfaction of the judgment against defendant, her ex-husband, plaintiff is entitled to pursue discovery against him (*Gryphon Dom. VI, LLC v GBR Info. Servs., Inc.*, 29 AD3d 392 [1st Dept 2006]; *see* CPLR 5223; *see also ICD Group v Israel Foreign Trade Co. [USA]*, 224 AD2d 293 [1st Dept 1996]). Kaufman handled the closing on a condominium unit originally purchased by an LLC whose sole member was a trust that the Florida court, in rendering the original judgment, concluded was controlled by defendant and funded with marital shares of stock (*see Kozel v Kozel*, 2015 WL 5446389 [Fla Cir Ct 2015]). Moreover, the Florida court issued an asset injunction expressly prohibiting the sale of that condominium, thus implicitly finding that defendant directly or indirectly owned it, and that plaintiff might have a claim to it. Defendant (through the LLC) then sold the condominium to a buyer, whom Kaufman represented in the closing.

Kaufman also argues that the subpoena should be served in a related pending action against the LLC, in which plaintiff seeks a constructive trust and equitable lien on the condominium. The instant enforcement proceeding involves a judgment rendered against defendant, not the LLC, and issues in the proceeding against the LLC may not completely overlap with those in the instant proceeding. Moreover, while discovery was stayed in the LLC proceeding, the instant proceeding has not been stayed, and plaintiff is entitled to disclosure to enforce the judgment (*compare Stern v Carlin Communications*, 210 AD2d 110 [1st Dept 1994]).

Nor is the subpoena impermissibly vague or overbroad, since it seeks only documents relevant to the condominium unit and its buyer, seller, and occupants, to ensure that defendant did not improperly sell the asset to frustrate plaintiff's efforts to collect on the judgment. Use of the language "including but not limited to," which describes discrete categories of records relevant to defendant's assets, does not render the subpoena overbroad since the request for information is reasonably precise (*see Soho Generation of N.Y. v Tri-City Ins. Brokers*, 236 AD2d 276 [1st Dept 1997]; *see also Donovan v Mehlenbacher*, 652 F2d 228, 230-231 [2d Cir 1981]).

Kaufman cites no authority suggesting that a nonparty attorney is exempt from the standard, or subject to a different standard, on a motion to quash a subpoena. Regarding an at-

torney's concerns of attorney-client privilege, the trial court instructed Kaufman to submit a privilege log of any documents he withheld on that ground. The court may conduct an in camera review of any purportedly privileged records, as well as any records that Kaufman claims should be withheld as confidential, even if they are not privileged (*see Cunningham & Kaming v Nadjari*, 53 AD2d 520, 521 [1st Dept 1976]; *see also Wise v Consolidated Edison Co. of N.Y.*, 282 AD2d 335 [1st Dept 2001], *lv denied* 96 NY2d 717 [2001]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.6 [a]).

Finally, as the court noted, Kaufman was paid, and is not entitled to more than, the fees required pursuant to CPLR 5224 (b). Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.