Carlyle, LLC v Beekman Garage LLC (2018 NY Slip Op 00242)





Carlyle, LLC v Beekman Garage LLC


2018 NY Slip Op 00242


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


652780/13 5446 5445N

[*1] The Carlyle, LLC, Plaintiff-Appellant,
v
Beekman Garage LLC, et al., Defendants, Quick Park 1633 Garage LLC, Defenant-Respondent. 
Rafael Llopiz, et al., Nonparty Respondents.


Stroock & Stroock & Lavan LLP, New York (Kevin L. Smith of counsel), for appellant.
DLA Piper LLP (US), New York (John Vukelj of counsel), for Quik Park 1633 Garage LLC, Citizens Icon Holdings, LLC, and Quik Park West 50th Street, LLC, respondents.
Feuerstein Kulick LLP, New York (David T. Feuerstein of counsel), for Rafael Llopiz, respondent.



Order Supreme Court, New York County (Joan M. Kenney, J.), entered January 10, 2017, which denied plaintiff's motion for summary judgment on its cause of action for use and occupancy against defendant Quik Park 1633 Garage LLC (QP 1633), unanimously affirmed, without costs. Order, same court and Justice, entered March 6, 2017, which denied plaintiff's motion to compel QP 1633 and nonparties Rafael Llopiz, Citizens Icon Holdings, LLC, and Quik Park West 50th Street, LLC, to comply with postjudgment subpoenas, and granted Llopiz and defendants' cross motion for a protective order, unanimously affirmed, without costs.
Summary judgment on the cause of action for use and occupancy is precluded by issues of fact as to the nature of the use and occupancy, assuming that QP 1633 occupied the parking garage premises at issue, and whether the repairs undertaken by plaintiff constituted a partial actual eviction of QP 1633 from the premises (see 81 Franklin Co. v Ginaccini , 160 AD2d 558, 559 [1st Dept 1990]; Union City Union Suit Co. v Miller , 162 AD2d 101, 105 [1st Dept 1990], lv denied 77 NY2d 804 [1991]). Moreover, in the event it is determined that there was no partial actual eviction, it will be necessary to determine the value of the use and occupancy, which was not included in the assessment of damages for unpaid rent.
Plaintiff's postjudgment disclosure demands were overly broad (see Stern v Carlin Communications , 210 AD2d 110 [1st Dept 1994]; CPLR 5223; 5224). In addition to information [*2]related to the judgment debtors' assets, plaintiff improperly sought information related to the assets and operations of the non-judgment-debtors it subpoenaed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK