Newco Capital Group VI LLC v La Rubia Rest. Inc (2024 NY Slip Op 51277(U))

[*1]

Newco Capital Group VI LLC v La Rubia Rest. Inc

2024 NY Slip Op 51277(U)

Decided on September 13, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 13, 2024
Supreme Court, New York County

Newco Capital Group VI LLC, Plaintiff,

against
La Rubia Restaurant Inc, LA RUBIA RESTAURANT INC, LA RUBIA BAR AND GRILL RESTAURANT, EL NUEVO TROPICAL RESTAURANT, and EDUARDA LORA, Defendants.

Index No. 157353/2023

Berkovitch & Bouskila PLLC, Pomona, NY (Ariel Bouskila of counsel), for plaintiff.
Usher Law Group, P.C., Brooklyn, NY (Mikhail Usher of counsel), for defendants.

Gerald Lebovits, J.

This is an action on a merchant-cash-advance agreement and guarantee. On a prior motion in the action, this court granted summary judgment to plaintiff against defendants. (See Newco Capital Group VI LLC v La Rubia Rest. Inc., 2023 NY Slip Op 51218[U] [Sup Ct, NY County 2023].) Judgment was entered on this court's order. (See NYSCEF No. 52.) Plaintiff then served information and document subpoenas on defendants' counsel under CPLR 5223, seeking various categories of information and documents that plaintiff asserts are relevant to enforcing the judgment. (See NYSCEF No. 57 [subpoenas].) Defendants now move to quash under CPLR 2304. (NYSCEF No. 54 [notice of motion].) The motion is granted in part and denied in part.
CPLR 5223 provides that a judgment creditor "may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena." "Any person," for these purposes, includes current or former counsel to the judgment debtor. (See Kozel v Kozel, 145 AD3d 530, 531-532 [1st Dept 2016]; Pala Assets Holdings Ltd v Rolta, LLC, 2022 NY Slip Op 33357, at *2-3 [Sup Ct, NY County 2022] [Crane, J.]; Gordon v Voronova, 2017 NY Slip Op 30587[U], at *1-2 [Sup Ct, NY County 2017] [Jaffe, J.].) This statute thus provides for broad—but not boundless—judgment-related discovery.
1. The information subpoena served on defendants' counsel seeks several items of information related to defendants' retention of counsel and their payment to counsel of litigation-[*2]related attorney fees. (See NYSCEF No. 57 at 3-6.)
The motion to quash is granted as to Question Nos. 1 and 2 of the information subpoena, which ask whether counsel was retained by the judgment debtors "in this action or in any other matter" and whether the retention was formalized in a retainer agreement, and which seek a copy of the retainer agreement. (Id. at 5.) The court sees no basis to believe that these items are relevant to satisfying plaintiff's judgment against defendants. And plaintiff's opposition to the motion to quash does not supply one.
The court reaches a different conclusion with respect to Question Nos. 3-5, which seek information about defendants' payments to counsel (along with dates, amounts, source accounts, and associated documents), and Question No. 6, which seeks the current balance of defendants' funds in counsel's trust account. (Id. at 6.) Defendants object to these questions as overly intrusive and seeking information that is not relevant to paying the judgment; and that defendants' "payments to undersigned counsel's firm are absolutely not relevant to whether or not the Defendants can pay the money judgment." (NYSCEF No. 64 at 2-4 [emphasis added].) But the standard in assessing a CPLR 5223 subpoena is instead whether the information sought is relevant to satisfaction of the judgment—i.e., to helping the judgment creditor collect. And defendants' objections fail to "conclusively establish," as caselaw requires, that information about what defendants paid counsel when, from which accounts, and about what amount remains in their counsel's client-escrow account, will not "assist the judgment creditor[] in obtaining satisfaction of the judgment."[FN1]
(Gryphon Dom. VI, LLC v GBR Info. Servs., Inc., 29 AD3d 392, 393 [1st Dept 2006].)
Defendants' suggestion that the attorney-client privilege shields some of the information sought, "like payment structure and schedule" (NYSCEF No. 56 at 7, 8), is unpersuasive. (See Matter of Nassau County Grand Jury Subpoena Duces Tecum Dated June 24, 2003, 4 NY3d 665, 679 [2005] ["Communications regarding the identity of a client and information about fees paid by the client are not generally protected under the privilege, nor are communications regarding the payment of legal fees by a third person."] [internal quotation marks omitted].) Nor, as defendants appear to suggest, does privilege shield defendants' client-trust-account balance itself. (See NYSCEF No. 56 at 7.)
2. The document subpoena seeks defendants' tax, bank, and financial statements in counsel's possession, custody, or control (Item Nos. 1-4); and "[c]opies of all documents that are in [counsel's] possession that relate in any way to the judgment debtor(s)" (Item No. 5). (NYSCEF No. 57 at 9 [emphases added].)
The court agrees with plaintiff that Item Nos. 1-4 seek documents relevant to the satisfaction of the judgment and must be produced to the extent that responsive documents are in counsel's possession, custody, or control. As noted above, CPLR 5223 may be used to subpoena relevant documents in the hands of current or former counsel of the judgment debtor—including personal tax returns, bank statements, loan documents, and the like. (See Kozel 145 AD3d at 531-532; Pala Assets Holdings Ltd v Rolta, LLC, 2022 NY Slip Op 33357, at *2-3; Gordon v Voronova, 2017 NY Slip Op 30587[U], at *1-2; accord Wydra v Brach, 227 AD3d 727, 729-729 [2d Dept 2024] [affirming grant of CPLR 5223 motion to compel production by nonparty of the [*3]judgment debtor's tax returns and business-entity-related documentation and agreements].)
Defendants do not identify any specific reasons why requiring production of the documents sought in Item Nos. 1-4, although admittedly intrusive, would exceed "the broad range of inquiry" permitted to judgment creditors under CPLR 5223. (ICD Group, Inc. v Israel Foreign Trade Co. (USA) Inc., 224 AD2d 293, 294 [1st Dept 1996].) Their counsel must therefore produce the documents sought by these subpoena items. At the same time, counsel may redact from the production personal-identifying-information (i.e., Social Security numbers and Tax Identification Numbers); names of nonparty filers on joint returns filed by the judgment debtors and nonparties; and names of nonparty account-holders on statements for bank and brokerage/securities/retirement accounts held jointly by the judgment debtors and nonparties.
The court reaches a different conclusion with respect to document subpoena Item No. 5. Given this subpoena item's exceedingly broad sweep—which encompasses numerous documents unrelated to satisfaction of the judgment—the court concludes that this item must be quashed.
Accordingly, it is
ORDERED that the branch of defendants' motion seeking to quash plaintiff's post-judgment information subpoena is granted as to Question Nos. 1 and 2, and denied as to Question Nos. 3-6; and it is further
ORDERED that the branch of defendants' motion seeking to quash plaintiff's post-judgment document subpoena is granted as to Item No. 5, and denied as to Item Nos. 1-4; and it is further
ORDERED that defendants' counsel must, within 30 days of service of notice of entry, provide plaintiff with responses to the information subpoena and produce to plaintiff responsive documents in counsel's possession, custody, or control, with appropriate, limited redactions as set forth above, consistent with this court's resolution of defendants' requests to quash.
DATE 9/13/2024

Footnotes

Footnote 1:Defendants misplace their reliance on the standards for pretrial disclosure under CPLR 3101 (see NYSCEF No. 56 at 3-6), which are inapposite to a CPLR 5223 post-judgment subpoena.