Richmond Global Compass Fund Mgt. GP, LLC v Nascimento (2026 NY Slip Op 01862)

Richmond Global Compass Fund Mgt. GP, LLC v Nascimento

2026 NY Slip Op 01862

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Index No. 654190/21|Appeal No. 6229-6230|Case No. 2025-03505, 2025-03506|

[*1]Richmond Global Compass Fund Management GP, LLC, et al., Appellants,
vDecio Nascimento et al., Defendants. Jeremy Deutsch et al., Nonparty-Respondents.

Israel David LLC, New York (Hannah Belitz of counsel), for appellants.
Dorsey & Whitney LLP, New York (Elliot J. Coz of counsel), for Jeremy E. Deutsch, respondent.
Cozen O'Connor, New York (Tamar S. Wise of counsel), for Cozen O'Connor, respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about April 24, 2024, which granted the motion of nonparties Jeremy Deutsch and Cozen O'Connor (together, respondents) to quash subpoenas duces tecum served on them by plaintiffs, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered March 6, 2024, which, to the extent appealed from, granted in part the motion of nonparty Deutsch for a protective order protecting him from further discovery requests, and did not require him to provide a privilege log as to documents over which he claimed privilege, unanimously reversed, on the law, without costs the motion denied, and respondents are directed to provide a privilege log for the documents over which they assert privilege.
Plaintiffs allege that defendant Decio Nascimento violated confidentiality, noncompete, and nonsolicitation provisions in a contract that he had signed while employed by Richmond Global Compass Funds Management LLP (Compass), an investment fund, as its Chief Investment Officer. According to the pleadings, Nascimento resigned from Compass and formed his own fund, hiring defendants Sean Jussen and Frank Jones, who had also worked for Compass. Plaintiffs allege that the competing fund solicited plaintiff's investors and advertised that it was using the same team and the same strategy that had been successful at Compass. As a result, plaintiffs commenced this action, asserting causes of action for, among other things, breach of contract, unjust enrichment, unfair competition, misappropriation of trade secrets, and breach of fiduciary duty.
Supreme Court should not have granted the motion to quash the subpoenas duces tecum issued to respondents, as respondents failed to demonstrate that the information sought was "utterly irrelevant to any proper inquiry" or that the "futility of the process to uncover anything legitimate [was] inevitable or obvious" (Matter of Kapon v Koch, 23 NY3d 32, 38 [2014] [internal quotation marks omitted]; see also Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 403 [1st Dept 2018]). In the subpoenas, plaintiffs sought communications between defendants and Deutsch, their lead counsel, regarding the creation or formation of defendants' competing fund, defendants' plan to leave plaintiffs' fund, and defendants' planned or actual outreach to investors regarding defendants' fund. This information is material to the allegations in the complaint, in which plaintiffs allege that defendants wronged them by, among other things, competing with plaintiffs, soliciting plaintiffs' employees, and soliciting plaintiffs' investors.
Moreover, Supreme Court erred in finding that there was no precedent for ordering nonparties to produce a privilege log. On the contrary, nonparties, including attorneys, are not shielded from the requirement to produce privilege logs for documents withheld on the basis of privilege (see Kozel v Kozel, 145 AD3d 530, 531-532 [1st Dept 2016]). The information supplied in a privilege log is necessary for plaintiffs to assess respondents' privilege claim, as Deutsch's supplemental affirmation did not give information to determine which communications, if any, were disclosed to third parties (see Matter of Subpoena Duces Tecum to Jane Doe, 99 NY2d 434, 442 [2003]). In addition, even if the substance of the communications is privileged, the information that would be in a privilege log would also be material to plaintiffs' claims. Communications received through disclosure indicate that Nascimento was speaking with "Jeremy" (that is, Deutsch) about legal issues, including defendants' legal right to take credit for Compass's three-year track record, contemporaneously with his departure from Compass, and a privilege log would contain the date of each communication (see CPLR 3122 [b]).
That respondents' privilege logs may be duplicative of defendants' privilege log is irrelevant, as CPLR 3101 "imposes no requirement that the subpoenaing party demonstrate that it cannot obtain the requested disclosure from any other source" (Matter of Kapon, 23 NY3d at 38).
We have considered respondents' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026