Leonard L. Fnsrz, J.
"Upon the trial of an undefended action brought for divorce by the wife, a motion was made to permit the six-month-old infant of the marriage to assume the surname of “ Rosenthal ”, that being the infant’s mother’s maiden name.
An agreement entered into between the parties reads in part: u That Miguel Gonzalez consents that the issue of the marriage, David Lawrence Gonzalez’ name may be changed to David Lawrence Rosenthal and that in the event, there is a divorce and Maxine Rosenthal Gonzalez remarries Miguel Gonzalez hereby consents to the legal adoption of the issue of his marriage by her new husband.”
The plaintiff mother, who will assume her maiden name óf “ Rosenthal ” now seeks as part of the judgment of divorce, an order of this court, adjudging that her infant son, too, may assume the name of “ Rosenthal ”.
There appearing to be no reported case directly in point, this brief opinion follows:
For this court to grant the relief sought, there must be a showing of compelling reasons warranting such relief, together with a ¡finding that the best interests of the infant would be so served. (See Civil Rights Law, §§ 61, 62, 63.)
In Jewish law, urges the mother, the newly born child assumes the religion of its mother. The mother states further: “ David will be raised in a Jewish home environment as a Jewish child and will be sent to Jewish religious schools and will be known as a Jew and as the son of Maxine Rosenthal. If he had to retain the surname of Gonzalez under these circumstances and in Jewish circles and a Jewish school and social environment he will be subject to embarrassment and taunting which would undoubtedly inflict deep and permanent psychological damage *747 upon him which will irrevocably affect his life and future in an adverse manner.”
Further, the defendant husband abandoned his wife and child and to this day has failed to provide any support for either of them. By this action, together with his consent to the change of name, and even future adoption of the infant, he has forsaken any interest in the very infant he has fathered. Moreover, this court, being one of equity, empowered with the broadest authority to dissolve marriages, determine questions of custody and other family interrelationships, must do equity in serving the best interests of the infant involved.
Accordingly, the motion for a change of name of the infant from “ Gonzalez ” to “ Rosenthal ” is granted, and an order to that effect is directed to be included in the judgment of divorce to be entered herein.