■ WARREN H. YOUNG et al., Respondents, v THOMAS TO-RELLI, as Administrator of the Estate of JAMES TORELLI, Deceased, Appellant.—In a proceeding, *inter alia,* to quash certain subpoenas, the appeal is from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered February 24, 1987, which (1) quashed a deposition subpoena issued pursuant to CPLR 5224, to take the deposition of the petitioner Warren Young; (2) quashed a subpoena duces tecum issued pursuant to CPLR 5224, to take the deposition of the petitioner York-ville Federal Savings and Loan Association and for the production of books, papers and records; (3) prohibited the appellant from making further applications with respect to the respondents without proper approval of the court, and (4) awarded motion costs in the amount of $250 to the petitioner's counsel.

Ordered that the judgment is modified, on the law and as a matter of discretion, by striking the provision granting the petition in its entirety and substituting therefor provisions denying the branches of the petition which sought to quash the subpoenas in issue and for an award of costs, and granting the branch of the petition which was for a protective order to the extent that the items numbered 6, 7, 8 and 9 listed in the petitioners' exhibit B, annexed to the petition dated October 22, 1986, are stricken, item 10 is allowed in full, and items numbered 1, 2, 3, 4 and 5 are limited so as to provide as follows:

"(1) All documents relating to or in connection with Wilkinson-Morningside Inc. including transfers of assets or interests of Wilkinson-Morningside, Inc.;

"(2) All documents relating to or in connection with Wilkinson-Morningside Associates including transfers of assets or interests of Wilkinson-Morningside Associates;

"(3) All documents relating to or in connection with the building known as 92 Horatio Street, New York, New York, consisting of or relating to assignment agreements, loans, security interests, mortgages, notes, collateral, proprietary leases, and or deeds;

"(4) All documents relating to or in connection with Yorkville Equities Corporation's interest of any amount, type or nature in the building known as 92 Horatio Street, New York, New York; Yorkville Equities Corporation's interest in or relationship to Wilkinson-Morningside Associates including, without limitation, any assignment of interests in Wilkinson-Morningside Associates and the consideration for such assignment; Yorkville Equities Corporation's interest in or relationship to Wilkinson-Morningside, Inc., including, without limitation, any assignment of interests in or of shares of Wilkinson-Morningside, Inc., and the consideration for such assignment, investigations regarding the assets, liabilities, creditors and debtors of Wilkinson-Morningside Associates and Wilkinson-Morningside, Inc.;

"(5) All documents consisting of, relating to or in connection with any transactions, assignments, loans, mortgages or other agreements between Wilkinson Associates and Yorkville Federal Savings and Loan Association, or between Wilkinson-Morningside, Inc. and Yorkville Federal Savings and Loan Association, including, without limitation, assignment agreements, loans, security interests, mortgages, notes, collateral, assets, debts, liabilities, investigations regarding assets, liabilities, creditors or debtors of or relating to Wilkinson-Morningside Associates and Wilkinson-Morningside, Inc"; as so modified, the judgment is affirmed, with costs to the appellant; and it is further,

Ordered that production of the documents in issue is limited to documents from the period commencing January 1, 1978, approximately one year prior to the date of the transaction which gave rise to the judgment in the underlying action and ending as of the date the documents are produced. The depositions of Warren Young and of Yorkville Federal Savings and Loan Association, and the production of documents to be made

in accordance with this order, shall proceed at the branch office of Yorkville Federal Savings and Loan Association, located at 75 South Greeley Avenue in Chappaqua, New York, or at some other place as the parties may mutually agree by written stipulation, at a date and time to be fixed in a written notice of not less than 10 days, to be given by the appellant.

Under the disclosure standards applicable to subpoenas issued pursuant to CPLR 5224, the Supreme Court was not warranted in quashing the subpoena to take the deposition of Warren Young or the subpoena duces tecum addressed to the Yorkville Federal Savings and Loan Association (hereinafter Yorkville). The appellant is entitled to discovery of "all matter[s] relevant to the satisfaction of the judgment" (CPLR 5223) obtained in *Torelli v Esposito* (Sup Ct, NY County, June 3, 1981, Grossman, J.). This standard includes judgment debtor Rachel Esposito's assets including her interests in Wilkinson-Morningside, Inc., a closely held corporation, and its successor in interest, Wilkinson-Morningside Associates, a partnership. As evidenced by the stipulations of settlement in favor of the petitioner Yorkville and Yorkville Equities, interests in the assets of Wilkinson-Morningside, Inc. and Wilkinson-Morningside Associates (including stock certificates, proprietary leases and promissory notes in connection with apartments in the Horatio Street building) were transferred to Yorkville and Yorkville Equities through Horatio Arms on the signature of Rachel Esposito. Accordingly, the appellant is permitted to inquire into such transfers to determine whether the judgment debtors concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment (6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5223.05, at 52-324.3).

Our order herein permits examination of the third parties to disclose "all matter relevant to the satisfaction of the judgment" (CPLR 5223) without simultaneously causing unreasonable annoyance, disadvantage or prejudice to the nonparty witnesses. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.