■ LORENZO AYUBO et al., Appellants, v EASTMAN KODAK COMPANY, INC., Respondent, et al., Defendant. (And a Third-Party Action.)

The defendant Eastman Kodak Company, Inc. (hereinafter Kodak) incorrectly denominated its motion as one for a protective order rather than as a motion to quash a subpoena duces tecum (see, CPLR 2304). The Supreme Court improperly treated the motion as one for a protective order and granted it based upon the plaintiffs' failure to have complied with the calendar rules relating to discovery requests subsequent to the filing of a note of issue and certificate of readiness.

A motion to quash or vacate is the exclusive vehicle to challenge the validity of a subpoena or the jurisdiction of the issuer of the subpoena (see, *Matter of Brunswick Hosp. Center*

v *Hynes,* 52 NY2d 333, 339; *Matter of Santangello v People,* 38 NY2d 536, 539). As stated in *People ex rel. Hickox v Hickox* (64 AD2d 412, 413-414): "A subpoena duces tecum for use at a trial or hearing, and the denial of a motion to quash such subpoena duces tecum, are not the equivalent of an order of disclosure. The subpoena merely directs the subpoenaed party to have the documents in court so that the court may make appropriate direction with respect to the use of such documents."

The standard to be applied on a motion to quash a subpoena duces tecum is whether the requested information is "utterly irrelevant to any proper inquiry" *(Matter of Dairymen's League Coop. Assn. v Murtagh,* 274 App Div 591, 595, *affd* 299 NY 634; *Matter of State of New York—Office of Mental Retardation & Developmental Disabilities v Mastracci,* 77 AD2d 473, 476-477). Upon the record before us, we cannot say that the requested documents are "utterly irrelevant" to the plaintiffs' claim that the plaintiff Lorenzo Ayubo sustained injuries due to film-processing chemicals which were inherently dangerous and had harmful properties, in that they contained two particular chemicals which "would vaporize and waft through the air thereby causing skin complaints without actual contact between said chemicals in liquid form and the skin".

However, the subpoena was overly broad to the extent that it did not set forth a specified time period for records of "claims or actions" against Kodak based upon the use of the film processor and compounds *(see, Matter of D'Alimonte v Kuriansky,* 144 AD2d 737, 739). To that extent, we limit Kodak's production of such records as may currently exist to the period which is the subject of the action, to wit, to the five-year period prior to October 7, 1977.

Accordingly, Kodak must produce the records. However, we direct that there shall be no disclosure of such records to adverse parties, except to the extent that the Supreme Court shall direct, in the light of the circumstances then existing. Before permitting disclosure of the records, the Supreme Court shall itself examine the records, in camera, and determine which parts shall be disclosed to the plaintiffs, if any. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.