■ ICD GROUP, INC., Respondent, v ISRAEL FOREIGN TRADE COMPANY (USA) INC., et al., Appellants. [638 NYS2d 430] — Orders, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about August 30, 1995 which, insofar as appealed from, granted plaintiff's motion to quash a subpoena, are unanimously reversed, on the law and the facts, without costs, and plaintiff's motion to quash the May 10, 1995 subpoena is denied.

On August 1, 1994, after trial, a judgment was entered in favor of defendants on a counterclaim in the underlying action in the amount of $808,443.12. In May 1995, defendants issued a subpoena to Richard A. Eisner & Co. ("Eisner"), plaintiff's accountant, directing the production of documentation concerning any sale of plaintiff's stock and/or assets since 1993. Defendants maintain that after judgment, plaintiff transferred substantially all of its United States assets to a wholly-owned subsidiary for no real consideration. The IAS Court, upon an *in camera* inspection, found the stock agreement in question irrelevant to the underlying case. We disagree.

CPLR 5223 provides that "[a]t any time before a judgment is

satisfied or vacated, the judgment creditor *may compel disclosure of all matter relevant to the satisfaction of the judgment"* (emphasis added). The foregoing, as noted by Professor Siegel, is a generous standard which permits the creditor a broad range of inquiry through either the judgment debtor or any third person with knowledge of the debtor's property (*see generally*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5223:2, at 214).

In the matter before us, given the wholesale nature of plaintiff's transfer of assets, the stock purchase agreement which, *inter alia*, transferred plaintiff's stock, is discoverable so that defendants may inquire into such transfer to determine whether there was an intent to defraud the creditor (*see, Young v Torelli*, 135 AD2d 813). Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.