■ LIBERTY COMPANY, Appellant, v ROGENE INDUSTRIES, INC., et al., Defendants, and ROBERT E. BOYLE, Respondent. [707 NYS2d 911] —In an action pursuant to CPLR article 52 to enforce a money judgment, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 25, 1999, as granted the motion of the defendant Robert E. Boyle to quash a subpoena duces tecum.

Ordered that the order is modified by deleting the provision thereof which granted the motion to quash the subpoena duces tecum in its entirety, and substituting therefor a provision granting that branch of the motion which was to quash item b of the subpoena duces tecum and items h and i as they relate to Northern Metropolitan Physicians Network and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

CPLR 5240 grants the court broad discretionary power to control and regulate proceedings to enforce a money judgment to prevent "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" (*Paz v Long Is. R. R.,* 241 AD2d 486, 487). The Supreme Court, however, was not warranted in granting, in its entirety, the defendant's motion to quash the subpoena duces tecum. The instant subpoena duces tecum was a proper vehicle "[to] compel disclosure of all matter relevant to the satisfaction of the judgment" (CPLR 5223; *see also, Ayubo v Eastman Kodak Co.,* 158 AD2d 641, 642; *Young v Torelli,* 135 AD2d 813, 815). The plaintiff was not entitled to

the material requested by item b or the material under items h and i as they related to Northern Metropolitan Physicians Network. The defendant, however, failed to meet his burden of establishing that the remaining material requested was " 'utterly irrelevant to any proper inquiry' " (*Ayubo v Eastman Kodak Co., supra*, at 642, quoting *Matter of Dairymen's League Coop. Assn. v Murtagh,* 274 App Div 591, 595). Thompson, J. P., Friedmann, Florio and Smith, JJ., concur.