■  In the Matter of PHILIP IRWIN AARON, Appellant, v PATRICK MCINTYRE, CPA, P.C., Respondent. [790 NYS2d 187]—

In a proceeding, inter alia, to compel the respondent to comply with a subpoena served pursuant to CPLR 5224 for disclosure

to aid in the enforcement of a judgment, the petitioner appeals from an order of the Supreme Court, Putnam County (Sweeny, J.), dated April 15, 2004, which denied the petition.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the petition, and substituting therefor a provision granting the petition to the extent of directing the respondent to provide the date it became the accountant for Alfred Mattikow, Nina Mattikow, AYD Development, LLC, North Street Development Corp., and Sutton Park, LLC, and to produce (1) unredacted copies of the joint federal and state income tax returns filed by Alfred Mattikow and Nina Mattikow for the years 2000, 2001, 2002 and 2003, and (2) unredacted copies of the federal and state tax returns filed by AYD Development, LLC, North Street Development Corp., and Sutton Park, LLC, for the years 2000, 2001, 2002 and 2003; as so modified, the order is affirmed, without costs or disbursements.

The petitioner obtained a money judgment against Alfred Mattikow (hereinafter the judgment debtor), in the United States District Court for the Eastern District of New York, which has not been satisfied. He served a subpoena pursuant to CPLR 5224 on the respondent, Patrick McIntyre, CPA, P.C. (hereinafter McIntyre), an accountant for the judgment debtor, the judgment debtor's wife, Nina Mattikow, and various businesses in which Nina Mattikow has an ownership interest, seeking to obtain information regarding the judgment debtor's income and assets. McIntyre appeared for a deposition and produced some documents, but refused to answer certain questions and to produce certain documents. The petitioner then commenced this proceeding, inter alia, to compel disclosure. The Supreme Court denied the petition, concluding that the petitioner was attempting to obtain disclosure beyond that permitted in two prior orders issued in separate proceedings which limited the scope of discovery.

The petitioner's request for unredacted copies of the joint tax returns of the judgment debtor and his wife was not the subject of the prior orders, and the petitioner demonstrated his entitlement to those returns (see Siemens & Halske, GmbH v Gres, 77 Misc 2d 745 [1973], affd 43 AD2d 1021 [1974]). Further, information obtained from depositions conducted after the prior orders were issued demonstrated that the judgment debtor may be using his wife and her businesses to conceal income and assets. Consequently, disclosure of financial information about certain of those businesses beyond that previously ordered is warranted.

The petitioner also sought responses to various questions

which McIntyre refused to answer at the deposition. However, since he failed to provide a copy of the deposition transcript with the petition, the record is inadequate to review his claim with respect thereto.

The petitioner's remaining contentions are without merit. Luciano, J.P., Crane, Skelos and Fisher, JJ., concur.