■ GRYPHON DOMESTIC VI, LLC, et al., Respondents, v GBR INFORMATION SERVICES, INC., Appellant. [815 NYS2d 65]—

Order, Supreme Court, New York County (Kibbie F. Payne, J.), entered November 12, 2004, which, to the extent appealed from, denied respondent GBR's motion to quash a subpoena du-

ces tecum, and order, same court (Helen E. Freedman, J.), entered April 20, 2005, which, to the extent appealed from, denied GBR's cross motion to vacate that earlier order and dismiss the petition, unanimously affirmed, with one bill of costs.

This is a turnover proceeding by judgment creditors, under CPLR article 52, against the issuers and guarantors of certain notes. A subpoena and restraining notice, with respect to property or assets belonging to the judgment debtors, was served on GBR, a third party that purportedly had been retained by one or more of the judgment debtors to perform bondholder solicitation or other related services. GBR opposed the petition and moved to quash the subpoena and restraining notice, disclaiming possession of any of the property in question.

Although the court found petitioners' papers insufficient to direct a turnover, it declined to quash the subpoena, concluding that petitioners were entitled to discovery on a sufficient showing that GBR might have information that could assist them in satisfying their judgment. When GBR failed to produce any documents or witnesses for disclosure, petitioners moved, inter alia, to hold GBR's president in contempt, and GBR cross-moved to vacate or modify the order and, upon reargument, to dismiss the turnover proceeding against it. The turnover proceeding was subsequently reassigned to the court that had presided over the underlying action, which denied both the cross motion for contempt and the motion to vacate the earlier order denying dismissal. All discovery matters were referred to a judicial hearing officer.

CPLR 5223 compels disclosure of "all matter relevant to the satisfaction of the judgment," and sets forth "a generous standard which permits the creditor a broad range of inquiry through either the judgment debtor or any third person with knowledge of the debtor's property" (*ICD Group v Israel Foreign Trade Co. [USA]*, 224 AD2d 293, 294 [1996]). Since GBR has not conclusively established that it lacks information to assist the judgment creditors in obtaining satisfaction of the judgment, petitioners are entitled to pursue discovery against it (*see Liberty Co. v Rogene Indus.*, 272 AD2d 382 [2000]). Indeed, a third party such as GBR, which has admittedly been retained to assist several of the judgment debtors in restructuring their assets, may be subpoenaed to produce documents pertinent to the possible sale of those assets (*see ICD Group v Israel Foreign Trade Co. [USA]*, 224 AD2d 293 [1996], *supra*).

We have considered the balance of GBR's arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Sullivan, Gonzalez and Malone, JJ.