■ CHIOMA GEORGE et al., Appellants, v VICTORIA ALBI, INC., et al., Defendants. MAKARI VENTURES, LLC, Nonparty Respondent. [50 NYS3d 468]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated August 18, 2014, which granted the motion of nonparty Makari Ventures, LLC, to quash a subpoena duces tecum and notice to take a deposition served upon it and for a protective order, and denied their cross motion to compel compliance with the subpoena and notice.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion of nonparty Makari Ventures, LLC, to quash a subpoena duces tecum and notice to take a deposition served upon it and for a protective

order is denied, and the plaintiffs' cross motion to compel compliance with the subpoena and notice to take a deposition is granted.

The Supreme Court improvidently exercised its discretion in granting the motion of the nonparty, Makari Ventures, LLC (hereinafter Makari Ventures), inter alia, to quash a subpoena duces tecum and notice to take a deposition served upon it by the plaintiffs in the course of seeking to enforce a judgment against the defaulting defendant, Makari Group, Inc. (hereinafter Makari Group), and in denying the plaintiffs' cross motion to compel compliance with the subpoena and notice. CPLR 5223 compels disclosure of "all matter relevant to the satisfaction of the judgment." "A judgment creditor is entitled to discovery from either the judgment debtor or a third party in order 'to determine whether the judgment debtor[ ] concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment' " (*Technology Multi Sources, S.A. v Stack Global Holdings, Inc.*, 44 AD3d 931, 932 [2007], quoting *Young v Torelli*, 135 AD2d 813, 815 [1987]).

CPLR 5240 provides the court with broad discretionary power to control and regulate the enforcement of a money judgment under CPLR article 52 to prevent "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" (*Paz v Long Is. R.R.*, 241 AD2d 486, 487 [1997]). Nonetheless, an application to quash a subpoena should be granted only where "the futility of the process to uncover anything legitimate is inevitable or obvious" (*Matter of Edge Ho Holding Corp.*, 256 NY 374, 382 [1931]), or where the information sought is "utterly irrelevant to any proper inquiry" (*Matter of Dairymen's League Coop. Assn., Inc. v Murtagh*, 274 App Div 591, 595 [1948], *affd* 299 NY 634 [1949]; *see Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 331-332 [1988]; *Myrie v Shelley*, 237 AD2d 337, 338 [1997]; *cf. Ayubo v Eastman Kodak Co.*, 158 AD2d 641, 642 [1990]). It is the burden of the party seeking to quash a subpoena to conclusively establish that it lacks information to assist the judgment creditor in obtaining satisfaction of the judgment (*see Gryphon Dom. VI, LLC v GBR Info. Servs., Inc.*, 29 AD3d 392, 393 [2006], citing *Liberty Co. v Rogene Indus.*, 272 AD2d 382 [2000]).

Here, Makari Ventures is affiliated with Makari Group and may share the same ownership. Moreover, Makari Group failed to satisfy the judgment and was dissolved shortly after the judgment was entered against it. Furthermore, the website from which the injured plaintiff purchased Makari Group's

products now indicates that the business is operated under a new address, which is the same as Makari Ventures' address. Accordingly, the plaintiffs should have been permitted to inquire of Makari Ventures whether Makari Group concealed any assets or transferred any assets so as to defraud the plaintiffs or improperly prevented the collection of the underlying judgment (*see* CPLR 5223; *Young v Torelli*, 135 AD2d at 815). In addition, Makari Ventures failed to make any showing that it lacked information to assist the plaintiffs in obtaining satisfaction of the judgment (*see Gryphon Dom. VI, LLC v GBR Info. Servs., Inc.*, 29 AD3d at 393). Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.