Matter of Cave Cr. Invs., Inc. v Urban FT Group, Inc. (2019 NY Slip Op 07558)





Matter of Cave Cr. Invs., Inc. v Urban FT Group, Inc.


2019 NY Slip Op 07558


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


10263N 161999/18

[*1] In re Cave Creek Investments, Inc., et al., Petitioners-Respondents,
v
Urban FT Group, Inc., et al., Respondents-Appellants.


The Mintz Fraade Law Firm, P.C., New York (Alan P. Fraade of counsel), for appellants.
The Tsang Law Firm, P.C., New York (Michael Tsang of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about February 20, 2019, which granted petitioners' application for post-judgment disclosure to the extent of directing respondents to produce documents responsive to the subpoena, as clarified and narrowed by the four categories of documents articulated on page 6 of petitioner's memorandum of law, unanimously affirmed, with costs.
Respondents' argument that they should not have to produce documents unrelated to the subject matter of the underlying lawsuit misconstrues the law. CPLR 5223, the relevant provision, speaks to the production of documents and materials relevant to the enforcement of the judgment. There is no requirement thereunder that the produced documents be relevant to the subject of the underlying lawsuit. Petitioners' requests, as redrafted, narrowed, and defined on page 6 of their memorandum of law in support of the motion and adopted by the motion court, are relevant to petitioners' enforcement of the judgment (see Gryphon Dom. VI, LLC v GBR Info. Servs., Inc. 29 AD3d 392 [1st Dept 2006]; see also U.S. Bank N.A. v APP Intl. Fin. Co., B.V., 100 AD3d 179, 183 [1st Dept 2012]). They are as follows:
Documents detailing the Urban FT entities' organizational structure, such as organizational charts, which shed light on how the Urban FT entities relate to one another.
Urban FT's communications with Digiliti during the merger period, communications with third-parties relating to the Digiliti merger, and documents and public statements relating to the merger that are relevant to how the merger failed to be consummated, why Urban FT nevertheless retained Digiliti's assets, or where those assets might now be located.
Documents relating to Urban FT's appropriation, possession, or disposition of Digiliti's assets, where Digiliti's assets might now be located, and the extent to which Urban FT realized revenue from its use or sale of such assets.
Executed copies of the Intercreditor Agreement dated as of September 1, 2017 and the Security Agreement dated as of September 1, 2017.
This clarification and narrowing of the request in the subpoenas will ensure that each is tailored to aid petitioners in enforcing the judgment, rather than for some other purpose.
We have considered respondents' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK