Berisha v Tosca Café, Inc. (2022 NY Slip Op 00966)





Berisha v Tosca Caf, Inc.


2022 NY Slip Op 00966


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kapnick, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 


Index No. 301469/08E Appeal No. 15303-15304 Case No. 2020-03643, 2021-02850 

[*1]Frank Berisha, Plaintiff-Respondent-Appellant, Maria Berisha, Plaintiff-Respondent,
v
Tosca CafÉ, Inc., Defendant-Appellant-Respondent, Tosca Coal Burning Oven, Inc., Defendant-Respondent. Hasim "Eddie" Sujak, Nonparty Appellant. Albert Buzzetti & Associates et al., Nonparty Respondents.


Law Offices Bernard D'Orazio & Associates, P.C., New York (Bernard D'Orazio of counsel), for Frank Berisha, appellant and Frank Berisha and Maria Berisha, respondents.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Tosca Cafe Inc. and Hasim "Eddie" Sujak, appellants and Tosca CafÉ Inc. and Tosca Coal Burning Oven, Inc., respondents.
Kenneth J. Gorman, P.C., New York (Kenneth J. Gorman of counsel), for Pollack Pollack, Isaac & DeCicco, LLP, respondent.
Albert Buzzetti & Associates, LLC, New York (Albert Buzzetti of counsel), for Albert Buzzetti & Associates, LLC, respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered August 20, 2020, which denied the motion brought by defendant Tosca CafÉ, Inc. and nonparty Hasim "Eddie" Sujak to quash information subpoenas, unanimously affirmed, without costs.
Order, same court (Andrew Cohen, J.), entered July 15, 2021, which, insofar as appealed from as limited by the briefs, denied plaintiff' Frank Berisha's motion for an extension of time to file an amended petition and to compel compliance with the information subpoenas, and granted nonparty 4042 East Tremont CafÉ Corp.'s motion for a protective order to the extent of barring plaintiff from using any documents received as a result of Chase Bank subpoenas and ordering that those documents be turned over to 4042 East Tremont CafÉ Corp. and any copies destroyed, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the motion for an extension of time to file an amended petition and to compel compliance with the information subpoenas granted, and the motion for a protective order denied.
The motion to quash the information subpoenas was properly denied. As the judgment creditor, plaintiff is entitled to disclosure of "all matter relevant to the satisfaction of the judgment" through service of subpoenas upon "any person" "[a]t any time before a judgment is satisfied or vacated" (CPLR 5223). This includes discovery "from either the judgment debtor or a third party in order to determine whether the judgment debtor[] . . . transferred any assets so as to defraud the judgment creditor" (George v Victoria Albi, Inc., 148 AD3d 1119, 1119 [2d Dept 2017] [internal quotation marks omitted]; see also ICD Group v Israel Foreign Trade Co. [USA], 224 AD2d 293, 294 [1st Dept 1996]).
The information subpoenas are narrowly tailored to solicit information that is directly relevant to plaintiff's proposed amendment to add alter ego/veil-piercing allegations to his fraudulent conveyance claims — an amendment we specifically allowed and invited on a prior appeal (see Matter of 4042 E. Tremont CafÉ Corp. v Sodono, 177 AD3d 456, 456-458 [1st Dept 2019]). The subpoenas are targeted at the individuals and entities that are likely to have this information, and there is no indication that the information would be unduly burdensome to collect.
Plaintiff's request for an extension of time to file the amended petition should have been granted, as the fact that plaintiff had not yet received complete responses to the information subpoenas constituted good cause for an extension (see generally CPLR 2004). As the motion court previously recognized, the information subpoenas were calculated to support the amendment of the petition. Plaintiff promptly sought compliance with these subpoenas and timely moved to extend the deadline to amend notwithstanding circumstances which were outside his control.
The motion to compel compliance with the information subpoenas should have been granted, for [*2]the reasons stated above. In addition, the motion to suppress bank records produced pursuant to a separate subpoena should have been denied, as these records are relevant for the same reasons as the information sought by the information subpoenas.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022