**Law Office of Mark S. Helweil v Karambelas**

2024 NY Slip Op 30807(U)

March 13, 2024

Supreme Court, New York County

Docket Number: Index No. 159060/2018

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------X

THE LAW OFFICE OF MARK S. HELWEIL, MARK S. HELWEIL,

                           Plaintiffs,

                - v -

ANDREA KARAMBELAS,

                        Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159060/2018 |
| **MOTION DATE** | 12/18/2023 |
| **MOTION SEQ. NO.** | 008 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232

were read on this motion to/for      COMPEL POST-JUDGMENT DISCLOSURE/CONTEMPT   .

     The Law Office of Mark S. Helweil and Mark S. Helweil (together, "Plaintiffs") move to compel post-judgment disclosure, pursuant to Plaintiffs' service of (1) a post-judgment information subpoena and (2) a notice of deposition upon Defendant Andrea Karambelas. Plaintiffs also move for contempt, alleging Defendant failed to comply with a properly served information subpoena.  For the reasons stated on the record after oral argument on February 9, 2024 (NYSCEF 232), as further described below, the motion is **granted in part**.

    *1. Motions to Compel*

     CPLR 5223 permits a judgment creditor to "compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which . . . shall state that false swearing or failure to comply with the subpoena is punishable as a contempt of court" (*see also Gryphon Domestic VI, LLC v GBR Info. Servs., Inc.*, 29 AD3d 392, 393 [1st Dept 2006]).  Under CPLR 2308(b)(1), the issuer of a subpoena "may move in the supreme court to

[* 1]

compel compliance." The Court must determine whether "the subpoena was authorized," and, if so, "it shall order compliance . . . ." (*id.*).

CPLR 5224(a)(3) notes that information subpoenas should be

> accompanied by a copy and original of written questions and a prepaid, addressed return envelope. Service . . . may be made by registered or certified mail, return receipt requested. Answers shall be made in writing under oath by the person upon whom served, if an individual . . . . Each question shall be answered separately and fully and each answer shall refer to the question to which it responds. Answers shall be returned together with the original of the questions within seven days after receipt.

Plaintiffs also move to compel a deposition under Article 31 of the CPLR. CPLR 3101(a) delimits the scope of disclosure to encompass "all matter material and necessary in the prosecution or defense of an action." Under CPLR 3124, "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, . . . the parting seeking disclosure may move to compel compliance or a response." CPLR 5224(a)(1) provides for service of "a subpoena requiring attendance for the taking of a deposition upon oral or written questions at a time and place named therein." Ten days' notice is required before the deposition (CPLR 5224[c]).

The information subpoena indicates it was accompanied by a "prepaid addressed return envelope" and "two copies of" the subpoena (NYSCEF 221). Plaintiffs include a printout of the certified mail tracking number destined for zip code 10005, which matches defense counsel's office address (NYSCEF 223; 221). They also include an affidavit of service from July 2023, attesting to the certified mailing of the information subpoena to defendant's last two known addresses and counsel's address (NYSCEF 221). A second service by mailing was made thereafter in August 2023 and left with an individual in the 10028 zip code (NYSCEF 225; 226).

159060/2018   LAW OFFICE OF MARK S. vs. KARAMBELAS, ANDREA
Motion No. 008

Page 2 of 4

2 of 4

[* 2]

Similarly, they emailed the subpoena to defense counsel on two occasions (NYSCEF 222; 224). Accordingly, compliance with the requirements of CPLR 2308 has been shown and the motion to compel is **granted**.

However, the requested deposition cannot be compelled on the current record. Plaintiffs sought the deposition under Article 31, which applies to depositions during the course of the litigation itself. A deposition in connection with post-judgment proceedings should be sought by subpoena under Article 52. Accordingly, the motion to compel as to the Notice of Deposition is **denied** without prejudice to a subsequent motion if Plaintiffs subpoena Defendant for deposition and she fails to comply. Given her prior failures to comply with proper post-judgment discovery requests, the Court strongly urges Defendant to sit for deposition without the need for a motion.

2. *Motion for Contempt*

Under CPLR 5251, "[r]efusal or willful neglect of any person to obey a subpoena . . . issued . . . pursuant to this title . . . shall . . . be punishable as a contempt of court." A party subject to an information subpoena has seven days after receipt to respond (CPLR 5224[a][3]). As noted above, the requirements for the post-judgment information subpoena, but not the deposition, have been met. The subpoena was first served in July 2023, and this motion was filed on December 12, 2023 (NYSCEF 219).

Defendant, who attended the hearing with counsel on February 9, 2024, did not file opposition papers to the instant motion, and did not respond to the subpoena before February 5, 2024. During oral argument, Defendant and her counsel asserted no viable defenses to contempt. Plaintiffs have met their burden of proving compliance with the requirements of the information subpoena, and there is no evidence of any meritorious defense for Defendant's failure to properly respond. Therefore, the contempt motion is **granted**.

159060/2018   LAW OFFICE OF MARK S. vs. KARAMBELAS, ANDREA
   Motion No.  008

Page 3 of 4

[* 3]

Accordingly, it is

**ORDERED** that Plaintiffs' motion to compel disclosure is **granted in part** insofar as it pertains to the information subpoena, and **denied** as to the notice of deposition without prejudice to a subsequent motion to compel a deposition if Plaintiffs properly serve a post-judgment deposition subpoena; it is further

**ORDERED** that Plaintiffs' motion for contempt is **granted**; it is further

**ORDERED** that, as stated at the February 9, 2024 hearing, the Defendant was required to provide complete responses to the information subpoena **within thirty (30) days** of the February 9 Hearing; it is further

**ORDERED** that any objections by Defendant to the requests for information contained in the subpoena, except for attorney-client privilege, are waived; and it is further

**ORDERED** that Plaintiffs shall recover the costs and fees reasonably incurred in connection with the instant motion, including reasonable attorneys' fees, upon the submission of an application therefor, including supporting documentation, within fourteen (14) days of the entry of this Order.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| **3/13/2024** | |
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

159060/2018   LAW OFFICE OF MARK S. vs. KARAMBELAS, ANDREA
Motion No.  008

Page 4 of 4

4 of 4