Matter of Wydra v Brach (2024 NY Slip Op 02327)

Matter of Wydra v Brach

2024 NY Slip Op 02327

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-06752
 (Index No. 27286/10)

[*1]In the Matter of Edward Wydra, et al., petitioners-respondents,
v
Mendel Brach, et al., respondents, et al., intervenors; Sarah Brach, nonparty-appellant; Gitlin & Associates, LLC, et al., nonparty-respondents.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Lisa Colosi Florio, and Mark Goreczny of counsel), for nonparty-appellant.
Platzer, Swergold, Goldberg, Katz & Jaslow, LLP, New York, NY (Henry Swergold of counsel), for petitioners-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 9, 2012, nonparty Sarah Brach appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated July 27, 2022. The order, insofar as appealed from, granted that branch of the petitioners' motion which was to compel nonparty Gitlin & Associates, LLC, to produce certain documents.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioners commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 9, 2012, which was in favor of the petitioners and against, among others, the respondent Mendel Brach. The Supreme Court confirmed the arbitration award and entered a money judgment that the petitioners seek to enforce. The petitioners served subpoenas on, among others, Mendel's wife, nonparty Sarah Brach, and Mendel and Sarah's accountant, nonparty Gitlin & Associates, LLC (hereinafter Gitlin).
The petitioners moved, inter alia, to compel Gitlin to produce certain documents. The Supreme Court granted the petitioners' motion to the extent of directing Gitlin to produce, among other things, Sarah and Mendel's joint tax returns from 2012 to 2020, the trust agreement for a trust in which Sarah was the trustee, and records pertaining to the transfer of Mendel's ownership interest in certain business entities and the profits received from such transfers. Sarah appeals.
CPLR 5223 allows a judgment creditor to "compel disclosure of all matter relevant to the satisfaction of the judgment." "A judgment creditor is entitled to discovery from either the judgment debtor or a third party in order 'to determine whether the judgment debtor[ ] concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment'" (Lisogor v Nature's Delight, Inc., 189 AD3d 1386, 1388, quoting Young v Torelli, 135 AD2d 813, 815; see George v Victoria Albi, Inc., 148 AD3d 1119, 1119).
Here, Sarah's deposition testimony demonstrated that Mendel may be using Sarah and her trusts as his alter ego to conceal assets from judgment creditors (see Matter of Aaron v Patrick McIntyre, CPA, P.C., 15 AD3d 475, 476). For instance, while Sarah testified that she is a partner at a certain corporation, she also testified that she did not know how much money she has received as a result of her partnership interest in the corporation and that she was not sure what the corporation does other than that it is a plastic company. She stated that Mendel works for the company, but he "is not making money" there. Moreover, she testified that she did not have a joint bank account with Mendel but that Mendel will write out checks for her to sign. Sarah testified that she sold certain businesses she purchased and placed the proceeds into a trust "to protect the money" so that "it can't be touched by anyone." Further, Sarah testified, in sum and substance, that Mendel negotiates and handles some of her business transactions. Therefore, the petitioners were entitled to the disclosure of Mendel and Sarah's joint tax returns, along with certain documents relating to Sarah's trusts and businesses, because these documents are relevant to the satisfaction of the judgment (see CPLR 5223).
To the extent the parties rely on Mendel's deposition testimony, that deposition testimony is not properly before us. "Pursuant to CPLR 2214(c), a party in an e-filed action may rely on e-filed papers and need not include those papers in its motion papers, but may make reference to them, giving the docket numbers on the e-filing system. However, the docket numbers on the e-filing system must be provided" (Reardon v Macy's, Inc., 191 AD3d 712, 714 [citation and internal quotation marks omitted]; see Eastern Funding LLC v San Jose 63 Corp., 172 AD3d 818, 819). In this case, since the docket number on the e-filed deposition transcript was not provided in the motion papers, Mendel's deposition testimony is not part of the record (see Reardon v Macy's, Inc., 191 AD3d at 714).
Accordingly, the Supreme Court properly granted that branch of the petitioners' motion which was to compel Gitlin to produce certain documents.
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court