**Arlus Owner LLC v 829 Mad. Ave. LLC**

2024 NY Slip Op 31914(U)

June 3, 2024

Supreme Court, New York County

Docket Number: Index No. 653842/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. NANCY M. BANNON                    PART            61M

_Justice_

---------------------------------------------------------------------X

ARLUS OWNER LLC, FALU, LLC, FJLU, LLC, 829 MADISON WE TIC OWNER LLC,

                              Plaintiff,

            - v -

829 MAD. AVE. LLC and STANLEY MYER,

                              Defendant.

---------------------------------------------------------------------X

INDEX NO.          653842/2022

MOTION DATE        5-17-24

MOTION SEQ. NO.    012

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 012) 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 191, 192, 193, 194

were read on this motion to/for          REARGUMENT/RECONSIDERATION          .


In this action seeking, _inter alia_, $1,250,000 in damages for breach of an agreement to purchase commercial real estate, the plaintiff purchasers contend that the defendant sellers schemed to defraud them by making misrepresentations in the agreement concerning the status of leases and arrears of current tenants of the building. The complaint alleges two causes of action – "breach of contract/warranty" as against defendant 829 Mad. Ave. LLC, and "fraud/fraudulent inducement" as against the LLC and a member of that LLC, Stanley Myer.

By an order dated March 1, 2024, the court granted a motion by the plaintiffs to compel discovery and ordered the defendants to provide full responses to the plaintiffs' second set of interrogatories and second notice for discovery and inspection, served on or about October 26, 2023, by March 29, 2024 (MOT SEQ 009). The defendants had responded mostly with objections arguing that the demand was either overly broad and burdensome or not material and necessary as it pertained only to the issue of enforcing a possible judgment.

By an order dated April 1, 2024, the court denied a motion by the plaintiffs to compel compliance with a subpoena served on the defendants' prior counsel on or about September 19, 2023, seeking information in regard to a "crime-fraud" exception to the attorney-client privilege (MOT SEQ 011). The denial was without prejudice to proceed pursuant to the Rules of

Part 61 and to raise the issue at the next scheduled conference, scheduled for later that week on April 4, 2024.

In the status conference order dated April 4, 2024, the court, *inter alia*, directed the defendant to provide all outstanding discovery ordered in the preliminary conference order of May 19, 2023, and the order dated March 1, 2024. The defendant did not do that but filed the instant motion on April 30, 2024 (MOT SEQ 012).

By an order dated May 6, 2024, the court denied another motion by the plaintiff pursuant to CPLR 3124 seeking to compel the defendants to respond in full to demands served on September 8, 2023 (MOT SEQ 008). The court held that the motion was moot in light of its prior order dated March 1, 2024 (MOT SEQ 009), and the status conference order of April 4, 2024.

In the meantime, April 30, 2024, the defendants had filed this motion pursuant to CPLR 2221 to reargue MOT SEQ 011, and pursuant to CPLR 3103 for a protective order in regard to the discovery directed in order dated March 1, 2024. The plaintiff opposes the motion.

To the extent the defendants seek re-argument of MOT SEQ 011, the motion is denied as the defendant has not demonstrated that the court overlooked or misapprehended any facts or relevant law that were presented to it in connection with the plaintiffs' prior motion to compel. See CPLR 2221(d)(2); William P. Pahl Equip. Corp. v Kassis, 182 AD2d 22 (1st Dept 1992).

However, to the extent the defendants seek a protective order pursuant to CPLR 3103 as to the discovery directed in the order on MOT SEQ 011, the motion is granted in part. Any interrogatory or document request that seeks information that is more appropriately sought in an information subpoena following entry of a judgment against the defendants (see CPLR 5223) is improper at this juncture. The court further notes that the plaintiffs may not, at this juncture, seek information from the defendants regarding non-parties. Nor do the plaintiffs explain the relevancy or propriety of demanding "the date on which [defendant] Stanley Myer became a Florida domiciliary" or all of the email addresses, cell phone numbers and carrier account numbers used by defendant Myer from 2015 to the present. As noted, as pleaded in the complaint, the issues in this case are narrow in scope. Thus, the defendants need not further respond unless directed by the court at or after the next status conference.

[* 2]

The plaintiffs are directed to review and revise their second set of interrogatories and document demands in light of this order and the Rules of the Commercial Division, including Rule 11-a regarding interrogatories and Rule 11-e regarding responses and objections to document requests, and, if any document results, the plaintiffs shall present that at the next status conference.

In addition to the above referenced Rules of the Commercial Division, the plaintiffs are referred to CPLR 3101(a) which explains the purpose of discovery as requiring disclosure only of "facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." Osowski v AMEC Constr. Mgt., Inc., 69 AD3d 99, 106 (1st Dept. 2009) quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407 (1968). Notably, it does not include facts which bear only on the identity and location of assets that may serve to satisfy a money judgment entered after the trial, *i.e* post-judgment discovery governed by CPLR article 52. CPLR 5223, which authorizes information subpoenas, and CPLR 5224, which establishes the procedure to be used, are broad statutes which allow a judgment creditor to seek information from non-parties that may have information about the location of the judgment debtor's assets. See e.g. ICD Grp. v Israel Foreign Trade Co. [USA], 224 AD2d 293 (1st Dept. 1996).

Finally, all parties are cautioned to adhere to the Rules of the Commercial Division and the Rules of Part 61 going forward.

Accordingly, it is

ORDERED that the defendants' motion is granted to the extent that the defendants need not further respond to the plaintiff second set of interrogatories and documents demands unless directed by the court at or after the next status conference, and the motion is otherwise denied, and it is further

ORDERED that the plaintiffs are directed to review and revise their second set of interrogatories and document demands in light the Rules of the Commercial Division, including Rule 11-a regarding interrogatories and Rule 11-e regarding responses and objections to document requests, and the plaintiffs shall present the resulting document, if any, to the court at the next status conference, and it is further

**653842/2022   ARLUS OWNER LLC ET AL vs. 829 MAD. AVE. LLC ET AL**          **Page 3 of 4**
**Motion No.  012**

ORDERED that the parties shall appear for a status conference on July 18, 2024, at 11:30 a.m., as previously scheduled.

This constitutes the Decision and Order of the court.

| 6/3/2024 | |
|---|---|
| **DATE** | |

**CHECK ONE:**

| | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |

**APPLICATION:** SETTLE ORDER / SUBMIT ORDER

**CHECK IF APPROPRIATE:** INCLUDES TRANSFER/REASSIGN / FIDUCIARY APPOINTMENT / REFERENCE