## Barteck v Consolidated Edison Co. of N.Y., Inc.

2024 NY Slip Op 32413(U)

July 12, 2024

Supreme Court, New York County

Docket Number: Index No. 158207/2023

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. LOUIS L. NOCK</u>       PART      38M

*Justice*

-------------------------------------------------------------------------------X

DAVID BARTECK, PATRICIA BARTECK, and JACK BARTECK,

               Petitioners,

           - v -

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

               Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158207/2023 |
| MOTION DATE | 08/17/2023, 08/29/2023 |
| MOTION SEQ. NO. | 001 002 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-47 were read on this proceeding by petitioners seeking    <u>RELEASE OF RESTRAINT, RELEASE OF EXEMPT FUNDS, VACATUR OF JUDGMENT, and QUASHAL</u> .

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 1-47 were read on this motion by respondent to    <u>DECLARE CERTAIN FUNDS AS NON-EXEMPT</u> .

LOUIS L. NOCK, J.

This proceeding (clerically designated as motion seq. no. 001) was commenced by verified petition filed August 17, 2023, seeking: the release of certain funds maintained in bank accounts held in the names of petitioners David Barteck and Patricia Barteck; vacatur of a certain judgment docketed in this state against David Barteck, and of related restraints; and quashal of certain information subpoenas served on non-party Kearny Bank and on petitioners' counsel, the non-party firm of Hartmann Doherty Rosa Berman & Bulbulia, LLC ("Hartmann Doherty").

Respondent opposes the petition; but also filed an independent motion (seq. no. 002) styled as an objection to an exemption claim asserted by David Barteck in the petition. Petitioners oppose this motion.

The matters are consolidated for disposition in accord with the following memorandum.

**158207/2023 BARTECK, DAVID ET AL vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**
**Motion No. 001 002**

**Page 1 of 8**

1 of 8

[* 1]

**The Verified Petition**

As alleged in the petition, respondent Consolidated Edison Company of New York, Inc. ("ConEd"), has restrained New Jersey based Kearny Bank accounts jointly held by David Barteck and his wife, Patricia Barteck, relying on an order of restitution entered against David Barteck only, in a criminal matter before the U.S. District Court for the District of New Jersey, which ConEd registered in the U.S. Southern District of New York ("SDNY"), and then docketed that order in New York County, relying on an SDNY abstract of judgment. Relying on the foregoing, ConEd has subpoenaed Kearny Bank and Hartmann Doherty to disclose David Barteck's records, Patricia Barteck's records, and those of their son, petitioner Jack Barteck. Neither Patricia Barteck or Jack Barteck are judgment debtors of ConEd.

The petition seeks an order vacating the docketing of the SDNY judgment, vacating the notice of restraint imposed on the Kearny Bank accounts, and quashing the subpoenas served on Kearny Bank and Hartmann Doherty. Alternatively, petitioners seek an order: releasing one-half the joint bank account balance to Patricia Barteck; the release of claimed exempt funds to David Barteck from said account; a protective order enjoining Kearny Bank from producing Jack Barteck's bank account records; and a protective order enjoining Hartmann Doherty from producing any records.

**Further Background, and Discussion**

On January 22, 2020, David Barteck was convicted in the U.S. District Court for the District of New Jersey of conspiracy to commit wire fraud and sentenced to a five-year term of probation. As part of the judgment of conviction entered by the court, David Barteck was ordered to make restitution in the amount of $25,485,568.07 to over 50 victims, of which $992,396.72 was allocated to ConEd.

158207/2023   BARTECK, DAVID ET AL vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.
Motion No.  001 002

Page 2 of 8

2 of 8

[* 2]

***Petitioners' Chief Request for Relief: Vacatur of Judgment
and Enforcement Thereof***

As stated earlier, the petition chiefly seeks an order vacating the docketing of the SDNY judgment, vacating the notice of restraint imposed on the Kearny Bank accounts, and quashing the subpoenas served on Kearny Bank and Hartmann Doherty. Petitioners argued that the rights of the victim named in a federal restitution order are governed by 18 USC § 3664(m)(1)(B), which, in their view, does not allow ConEd to register the subject federal judgment in New York or to use New York's debt enforcement mechanisms to collect the restitution.

Petitioners recite that on June 18, 2023, ConEd filed an action to register the District of New Jersey judgment of conviction as a foreign judgment in the Southern District of New York. On June 23, 2023, the clerk's office issued the requested abstract of judgment. Thereafter, ConEd docketed the SDNY judgment in New York County, and has issued subpoenas and restrained New Jersey bank accounts in New York based upon the representation that "the judgment has been registered pursuant to 28 USC § 1963 in the United States District Court for the Southern District of New York, and docketed by the Clerk of New York County pursuant to 18 USC § 3664(m)(1)B) and CPLR 5018(b)" (NYSCEF Doc. No. 4 [restraining notice to Kearny Bank]; *see also*, NYSCEF Doc. No. 6 [subpoena to Hartmann Doherty]).

Citing various federal and state authorities, petitioners argued that the ordinary enforcement mechanisms recognized by law for judgment creditors generally do not apply to victims who are entitled to restitution under a federal criminal conviction and restitution order, such as ConEd in this action; but that such mechanisms are only available to the U.S. government when it is entitled to such restitution. Among other citations, petitioners cited the court to 18 USC § 3664(m)(1)(B), which provides that:

**158207/2023   BARTECK, DAVID ET AL vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**
**Motion No.  001 002**

**Page 3 of 8**

3 of 8

> At the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order. Upon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located, the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State.

Thus, argued petitioners, methods other than the mechanisms specifically described in Section 3664(m)(1)(B) – giving rise only to a lien – may not be used by victims to independently enforce a restitution order as though it were a money judgment subject to enforcement under CPLR Article 52.

Petitioners further argued that under Section 3664(m)(B)(2), enforcement by ConEd of the restitution order is limited to docketing the abstract judgment in the courts of the State of New Jersey, which shall be a lien on the property of the defendant in the State of New Jersey; but that Section 3664(m)(1)(B) does not authorize a victim to record a restitution order in another federal district, or to collect against property in another state, as ConEd has done here. Therefore, argue the petitioners, the docketing of the judgment in New York County by ConEd must be vacated, as well as any restraints and subpoenas served in enforcement thereof.

In line with petitioners' position in this proceeding, petitioners – in the procedural posture as defendants – had moved the SDNY for vacatur of the SDNY judgment of conviction and restitution order on the same grounds as those summarized immediately above. However, by order dated April 12, 2024 (NYSCEF Doc. No. 49), the SDNY, per Hon. Lorna G. Schofield, District Judge, denied that motion in its entirety, holding that: (i) an abstract of judgment can be issued by a federal district outside the district in which the judgment was issued (as here, where the SDNY issued an abstract of judgment emanating from the District of New Jersey); (ii) such issuance is available not only to U.S. governmental judgment restitutionary beneficiaries, but

**158207/2023   BARTECK, DAVID ET AL vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**     **Page 4 of 8**
**Motion No.  001 002**

4 of 8

also to non-governmental ones (such as ConEd); and (iii) money judgment enforcement mechanisms are available to the beneficiaries of federal criminal restitution orders (such as ConEd). In the SDNY's words: "Whether a judgment is eligible for registration . . . turns on the nature of the judgment, not the nature of the originating action" (Order of Hon. Lorna G. Schofield, U.S. District Judge, SDNY, dated April 12, 2024, in *United States of America v David Barteck*, No. 23 Misc 205 [LGS] [SD NY], NYSCEF Doc. No. 49 at 5; *see also, id.*, at 6).

Based on the immediately preceding holdings of the SDNY, involving the very same parties (David Barteck and ConEd) and the very same judgments and restitution orders, this court denies the petition's chief request for relief; to wit, outright vacatur of the judgments and related restraints and subpoenas, in wholesale fashion. However, the court now turns to petitioners' alternative relief.

### *Petitioners' Alternative Request for Relief: Releases of Certain Funds in the Joint Bank Account, and Protective Orders*

Alternatively, petitioners seek an order: releasing one-half the joint bank account balance to Patricia Barteck; the release of claimed exempt funds to David Barteck from said account; a protective order enjoining Kearny Bank from producing Jack Barteck's bank account records; and a protective order enjoining Hartmann Doherty from producing any records.

<u>Patricia Barteck's One-Half</u>

ConEd served notices of restraint on all three of David Barteck's and Patricia Barteck's bank accounts at Kearny Bank, two savings accounts and one checking account. As set forth in the petition, each of those accounts is a joint account in which Patricia Barteck – who is not a judgment debtor – retains an interest (Banking Law § 675). Opening a joint bank account creates a rebuttable presumption that each tenant is possessed of a whole of the account so as to make each accountholder entitled to half (*see, Bricker v Krimer* (13 NY2d 22 [1963]; *Viggiano v*

**158207/2023   BARTECK, DAVID ET AL vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**   **Page 5 of 8**
**Motion No.  001 002**

[* 5]

5 of 8

*Viggiano*, 136 AD2d 630 [2d Dept 1988]); *Phelps v Kramer*, 102 AD2d 908 [3d Dept 1984]). As the Court of Appeals held in *Bricker v Krimer* (*supra*, at 27): "When a joint tenancy is created, each joint tenant has the right as a joint owner of the bank account to withdraw a moiety (half) or less than a moiety for his own use and thus destroy the joint tenancy as to such withdrawals"). By virtue of this principle alone, one-half of the funds in the Kearny Bank accounts should be released to Patricia Barteck; but, in fact, as will be explained immediately below, the entire restraint on the bank accounts should be lifted due to the impact of the rules for exemption (CPLR 5205) upon the accounts.

As set forth in the petition, David Barteck works for a Pennsylvania company called AMG Resources. His salary is electronically deposited into Kearny Bank checking (x0656) account (x0656). The restraining notices were served on Kearny Bank in July 2023 (*see*, NYSCEF Doc. No. 4). As reflected in the July and August 2023 bank account statements for Kearny Bank checking account (x0656) (NYSCEF Doc. No. 5), over $18,000 in income earned within the past 60 days has been electronically deposited by AMG Resources into said account. The balance of the account, as of August 11, 2023, was $4,899.33. Under New York law, the entire balance of that account must be released – and not just Patricia Barteck's portion. As stated above, one-half of the checking account balance is the property of Patricia Barteck. The remaining balance of the bank account is less than $3,000 and is, therefore, exempt from collection under CPLR 5205(l)(1). Also, the remaining account balance is less than 90% of income earned by David Barteck within the past 60 days and is, for that reason, as well, exempt from collection under CPLR 5205(d)(2).

**158207/2023 BARTECK, DAVID ET AL vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**
**Motion No. 001 002**

**Page 6 of 8**

6 of 8

[* 6]

The Subpoenas

ConEd served subpoenas on Kearny Bank and Hartmann Doherty (David Barteck's attorneys) seeking records relating to the judgment debtor and records relating to his wife, Patricia Barteck, and their son, Jack Barteck. Post-judgment subpoenas are improper to the extent that they seek information regarding non-judgment-debtors (*see, Lupe Dev. Partners, LLC v Pacific Flats I, LLC*, 118 AD3d 645 [1st Dept], *appeal dismissed* 24 NY3d 998 [2014]). "While the scope of permissible discovery under the CPLR is broad, a creditor must still show that the discovery sought 'is relevant to the judgment debtor's income and property,' especially when seeking discovery from non-parties" (*Rossini v Republic of Argentina*, 453 F Appx 22, 24 (2d Cir 2011). No such showing has been sufficiently submitted to this court (*cf., George v Victoria Albi, Inc.*, 148 AD3d 1120 [2d Dept 2017]; *FTI Consulting, Inc. v Napoli Bern Ripka Shkolnik & Assocs., LLP*, index No. 651133/2020 [Sup Ct, NY County, Nov. 21, 2022]).

Conclusion

Accordingly, it is

ORDERED that the motion to vacate the judgment underlying this proceeding is denied; but it is further

ORDERED that the motion to vacate the restraints currently existing on the Kearny Bank accounts that are the subject of this proceeding is granted and, therefore, said restraints are hereby vacated; and it is further

ORDERED that the motion to declare Kearny Bank account funds relevant to this proceeding as non-exempt funds is denied; and it is further

**158207/2023   BARTECK, DAVID ET AL vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**
**Motion No.  001 002**

**Page 7 of 8**

7 of 8

ORDERED that the motion to quash the non-party subpoenas served upon Kearny Bank and Hartmann Doherty Rosa Berman & Bulbulia, LLC, relating to this proceeding is granted and, therefore, said subpoenas are hereby quashed.

This will constitute the decision and order of the court.

ENTER:

_Louis L. Nock_

| 7/12/2024 | | | | | | LOUIS L. NOCK, J.S.C. |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158207/2023   BARTECK, DAVID ET AL vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**
**Motion No.  001 002**

Page 8 of 8

8 of 8

[* 8]